# In the United States Court of Federal Claims

MARK PELLEGRINO
as executor of
MARK PELLEGRINO ESTATE,

        Plaintiff,

        v.

THE UNITED STATES,

        Defendant.

No. 25-918
Filed October 22, 2025

Mark Pellegrino, Buffalo, NY, plaintiff, pro se.
Joseph R. Longenecker, Tax Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**
**Granting the government's motion to dismiss**

Mark Pellegrino, proceeding without an attorney, filed a complaint in this court seeking tax refunds for the "Mark Pellegrino Estate," of which he claims to be the executor. He has filed several motions, including a motion to proceed in forma pauperis, a motion to expedite his case, a motion for default judgment, and a motion for an order to show cause. The government moves to dismiss, arguing that Mr. Pellegrino cannot represent an estate pro se under rule 83.1 of the Rules of the Court of Federal Claims (RCFC) and that his complaint does not state a claim upon which relief can be granted. Without any basis for a refund claim, Mr. Pellegrino's complaint fails to state a claim upon which this court can grant relief. The court will dismiss his complaint and will deny his motions to expedite, for default judgment, and for an order to show cause. The court will grant Mr. Pellegrino's motion to proceed in forma pauperis.

**I.      Background**

Mr. Pellegrino filed suit in this court on behalf of the "Mark Pellegrino Estate," seeking tax refunds for millions of dollars for tax years 2021, 2022, and 2023. ECF No. 1 at 2. Although an estate typically refers to the assets owned by an individual at the time of his death, Mr. Pellegrino states that he is a living person. ECF No. 24 at 2. Mr. Pellegrino's complaint does not provide information about the estate, how it earned income, or how it overpaid its taxes. *See generally* ECF No. 1.

Mr. Pellegrino has provided the court with several documents along with his complaint. For 2021, the estate filed a blank tax return. ECF No. 1 at 2-3; ECF No. 23-9 at 1-3. For 2022, the estate listed over $5 million of "[o]ther income," a taxable income of negative $5,000, and an overpayment of over $5 million in taxes. ECF No. 24-2 at 6. For 2023, the estate again claimed over $5 million of "[o]ther income" but reported the same over $5 million as an overpayment of taxes. ECF No. 24-2 at 1. The forms do not reflect any purported withholding of income tax. ECF No. 24-1 at 5, 9.

Mr. Pellegrino's complaint alleges that the IRS mishandled the estate's tax returns. ECF No. 1 at 4; *see* ECF No. 24-5 (correspondence regarding the IRS's alleged delays in handling Mr. Pellegrino's refund claims). Mr. Pellegrino states that he is "not a United States Citizen or a 14th Amendment citizen" and states that he is a "Sovereign of the republic." ECF No. 24-11 at 4-9. He states that, because he is not an American citizen, he should be immune from taxation. ECF No. 24-12 at 45-46. Mr. Pellegrino requests that the court expedite his case (ECF No. 2), that the court enter default judgment (ECF No. 28), and that the court issue an order to show cause (ECF No. 33).

The government moves to dismiss Mr. Pellegrino's complaint, arguing that he fails to state a claim upon which relief can be granted and that he cannot represent his alleged estate pro se under the rules of this court. ECF No. 21.

**II.   Discussion**

This court's rule 12(b)(6) ensures that the plaintiff has a claim for which this court can grant appropriate relief. On a motion to dismiss under rule 12(b)(6), the court must accept well-pleaded factual allegations as true and draw all reasonable inferences in the claimant's favor. *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). The court need not accept the parties' legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56). "A complaint must be dismissed under Rule 12(b)(6) when the facts asserted do not give rise to a legal remedy, or do not elevate a claim for relief to the realm of plausibility." *Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012) (citing *Lindsay*, 295 F.3d at 1257, and *Iqbal*, 556 U.S. at 678-79). To avoid dismissal, a complaint must "contain sufficient factual matter" to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556, 570).

This court has traditionally held the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (marks omitted)). The court has therefore exercised its discretion in this case to examine the pleadings and record to see if the "plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969).

### A. Mr. Pellegrino fails to state a claim upon which relief can be granted

To survive a rule 12(b)(6) motion to dismiss, a tax refund complaint must contain sufficient information about a taxpayer's tax liability and tax payments to indicate that an overpayment occurred. *Williams v. United States*, 112 Fed. Cl. 67, 75 (2013); *Vernon-Theunder v. United States*, 155 Fed. Cl. 152, 162 (2021) ("In a tax refund suit, a threshold requirement that a plaintiff must demonstrate for recovery is overpayment of tax money to the IRS."). Mr. Pellegrino does not provide any substantial information about his tax liability or payments to the IRS in his complaint or any of his other filings. *See supra*; *see generally* ECF Nos. 1-4, 8, 16, 17, 19, 24, 26, 28, 30, 33. He does not provide any information about what the estate is, how it earned income, or how it overpaid its taxes. *Id.* His tax forms note that he received over $5 million in income in two of the last four years (ECF No. 24-2 at 1, 6) and paid no taxes, but he also states that he is homeless (ECF No. 4 at 2). Mr. Pellegrino's complaint and other filings do not contain enough information to state a claim, under this court's rules and cases and the Supreme Court's standards.

Mr. Pellegrino seems to mainly allege that the IRS mishandled his refund claims and caused processing delays. ECF No. 1 at 3-4; ECF No. 12 at 2; ECF No. 24 at 6. This court does not review the IRS's process. *See Ottawa Silica Co. v. United States*, 699 F.2d 1124, 1138 (Fed. Cir. 1983) ("A ground for a refund that is neither specifically raised by a timely claim for a refund, nor comprised within the general language of the claim, cannot be considered by a court in a subsequent suit for a refund."); *Lockheed Martin Corp. v. United States*, 210 F.3d 1366, 1371 (Fed. Cir. 2000) (A taxpayer is barred "from presenting claims in a tax refund suit that substantially vary the legal theories and factual basis set forth in the tax refund claim presented to the IRS." (quotation marks omitted)). This court's tax jurisdiction is generally limited to addressing tax overpayments. *Cox v. United States*, 105 Fed. Cl. 213, 219 (2012); *see* 26 U.S.C. § 7422; 28 U.S.C. § 1346(a)(1). A suit alleging that the IRS failed to follow its own procedure falls into the category

of negligence or malfeasance, tort claims that are outside this court's jurisdiction. *Rick's Mushroom Service v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Thus, the court cannot address Mr. Pellegrino's allegations about IRS delays or mishandling.[1]

### B. Mr. Pellegrino cannot represent his estate pro se

Mr. Pellegrino also cannot represent the alleged estate in this litigation pro se. RCFC 83.1(a)(4) states that "persons who are not attorneys … may not represent a corporation, an entity, or any other person in any proceeding before this court." Mr. Pellegrino concedes that his complaint is on behalf of an entity—an estate—not himself. ECF No. 24 at 1. An estate is a separate legal entity from an individual and cannot be represented by a non-attorney. *Carpio v. Office of Personnel Management*, 62 F.3d 1430, 1995 WL 412815, *1 (Fed. Cir. 1995). Ordinarily the court would allow a plaintiff time to find an attorney in this sort of situation, but because Mr. Pellegrino's complaint fails to state a claim, finding an attorney would not revive his complaint on the merits.

### C. Mr. Pellegrino may proceed in forma pauperis

Under 28 U.S.C. § 1915, a litigant may move to proceed in forma pauperis, entitling him to relief from the costs and fees associated with initiating a lawsuit. The court has discretion to grant in forma pauperis status whenever it determines, based on the plaintiff's submitted financial information, that the plaintiff is unable to pay the filing fee. *Brestle v. United States*, 139 Fed. Cl. 95, 103 (2018); *see also Colida v. Panasonic Corp. of North America*, 374 F. App'x 37, 38 (Fed. Cir. 2010). The threshold to establish the need to proceed in forma pauperis is not high. *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007); *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). "[P]auper status does not require absolute destitution[;] the question is

---

[1] The government alternatively requests that the court require Mr. Pellegrino to provide a more definite statement. ECF No. 21 at 8-9. Because the court will grant the government's motion to dismiss, there is no need to address the alternative argument.

whether the court costs can be paid without undue hardship." *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016) (quotation marks omitted).

Mr. Pellegrino alleges that he is homeless. ECF No. 4 at 2. Mr. Pellegrino's disclosed circumstances fall within the range that has warranted in forma pauperis status in other cases. *See Conner v. United States*, No. 21-2057, 2022 WL 2231222 at *3 (Fed. Cl. June 21, 2022) (granting in forma pauperis status to a plaintiff with negligible savings and a monthly income); *see also U.S. Court of Federal Claims Schedule of Fees*, United States Court of Federal Claims (eff. Dec. 1, 2023), https://www.uscfc.uscourts.gov/sites/default/files/fee_schedule_20231201.pdf ($405.00 total filing fee). Mr. Pellegrino has demonstrated that paying the filing fee would cause undue hardship.

### D.    The court will deny Mr. Pellegrino's other motions

Mr. Pellegrino moves to expedite this case. ECF No. 2. Because the court decides the case here, the motion to expedite is moot.

Mr. Pellegrino moves for default judgment. ECF No. 28. He argues that the government has not responded to his discovery requests. The government's response to the complaint was timely, and Mr. Pellegrino's requests for discovery were premature under the rules of this court. Discovery ordinarily does not begin until after the court has decided the government's motion to dismiss and the government has filed an answer to the complaint. RCFC 12(a), 26; *see Freeman v. United States*, 875 F.3d 623, 631 (Fed. Cir. 2017). Because the government did not have to respond to discovery requests yet, the court will deny Mr. Pellegrino's motion for default judgment. Mr. Pellegrino also moves for an order to show cause, arguing that he should be granted summary judgment and that the government should be sanctioned because of the government's delay. ECF No. 33. For the reasons already discussed, that motion does not have merit, either based on alleged delay at the IRS or alleged delay in this court. The court will deny it.

### III.  Conclusion

For the reasons stated above, this court **grants** the government's motion to dismiss (ECF No. 21) and **dismisses** the case. The court also **grants** Mr. Pellegrino's motion to proceed in forma pauperis (ECF No. 4).

The court **denies** Mr. Pellegrino's motion to expedite (ECF No. 2) as moot. The court **denies** Mr. Pellegrino's motion for default judgment (ECF No. 28). The court likewise **denies** Mr. Pellegrino's motion for an order to show cause (ECF No. 33). The clerk is directed to enter judgment.

**IT IS SO ORDERED.**

/s/ Molly R. Silfen
MOLLY R. SILFEN
Judge